IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN ANTHONY PINO,  :
        Petitioner,  :    1:19-cv-2011
                :
    v.  :    Hon. John E. Jones III
                :
BARRY SMITH, *et al.*,  :
        Respondents.  :

## MEMORANDUM

### February 7, 2020

John Anthony Pino ("Pino"), a Pennsylvania state inmate currently incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on November 22, 2019, seeking relief from his state sentence of nine to twenty-four years' imprisonment entered in the Court of Common Pleas of Schuylkill County on August 5, 2014. (Doc. 1; Doc. 9-2, p. 19). Because it appeared that the petition may be barred by the statute of limitations, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*), on December 12, 2019, the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations. (Doc. 5). On January 20, 2020, Respondents filed a Memorandum and pertinent exhibits. (Doc. 9). Pino has not responded to the Order. For the reasons set forth below, the petition will be dismissed as untimely.

# I. STATE COURT PROCEEDINGS

The pertinent state court procedural history set forth below is extracted from the PCRA court's October 9, 2018 opinion:

> After a trial by jury, the defendant, John Pino, on June 3, 2014, was found guilty of three counts of aggravated assault, five counts of simple assault, six counts of recklessly endangering another person, and one count each of resisting arrest and fleeing and eluding a police officer during a high speed chase. On August 5, 2014, he was sentenced to an aggregate term of 9 to 24 years in prison.
>
> Defendant filed a timely appeal, and on June 17, 2015, his conviction was confirmed by the Superior Court. Pino sought no review of this decision to the Pennsylvania Supreme Court, and so his conviction became final when the thirty-day appeal period for such review expired on July 17, 2015. *Commonwealth v. Rojas*, 874 A.2d 638 (Pa. Super. 2005). On August 25, 2016, Pino filed a *pro se* petition for post-conviction relief. Counsel was appointed to represent him, and on October 31, 2016, counsel filed a motion to withdraw asserting that Pino's petition for relief lacked merit because he failed to file within one year after his judgment of sentence became final.
>
> This Court agreed and gave defendant notice pursuant to Pa.R.Crim.P. 907(1) of its intent to dismiss the petition without a hearing because it was untimely filed. The defendant responded that his petition should not be dismissed because he was mentally incapable of filing a petition for relief before the one-year limitation period expired.
>
> Pino filed a notice of appeal from this dismissal of his petition. In preparing my 1925 opinion, I concluded that I had erred in allowing PCRA counsel to withdraw and dismissing Pino's PCRA petition without first giving him an opportunity to prove that he was mentally incompetent when the one-year limitation period expired and thus unable to comply with that deadline. In the 1925 opinion, I asked that my dismissal order be vacated and the case remanded so I could reappoint counsel and receive evidence regarding Pino's mental competency at the relevant time. The Superior Court granted that request by order dated September 11, 2017.

> Consistent with the remand, PCRA counsel was reappointed. In the months that followed, this Court repeatedly requested notice from counsel that a hearing could be scheduled to receive testimony regarding Pino's competency, but counsel always asserted difficulty in obtaining Pino's medical records from the Department of Corrections. That hearing was finally conducted on September 5, 2018.
>
> There was no medical evidence presented to support the defendant's claim that he was mentally incompetent to file a petition for post-conviction collateral relief before the one-year limitation period expired. The evidence presented consisted solely of Pino's testimony that one or more of his fellow inmates believed he was mentally incompetent at the time. Pino also testified that he had attended a class conducted by a fellow inmate regarding how to file a PCRA petition. The class was not sanctioned by prison authorities. Pino claimed that the inmate who conducted the class gave him the wrong date when his petition had to be filed.
>
> This testimony does not establish that Pino was mentally incompetent during the time when the limitation period for filing his petition was running. The requirement that a post-conviction relief petition be filed within one year from the date the petitioner's judgment of sentence became final is jurisdictional. Since Pino failed to file his petition within the one-year limitation period and has presented no credible evidence that he was mentally incapable of doing so, his petition must be dismissed without a hearing on the merits.

(Doc. 9-2 pp. 19-21). The PCRA court entered its order of dismissal on November 29, 2018. (Doc. 9-2, pp. 22, 23). At that time, the court notified Pino of his right to appeal to the Superior Court within thirty days. (Doc. 9-2, pp. 22, 23). Pino did not appeal.

On November 22, 2019, almost a full year after the PCRA court dismissed his PCRA as untimely, Pino filed the instant petition.

## II. FEDERAL COURT PROCEEDINGS

On August 29, 2016, Pino filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same convictions he challenges in the instant petition. *Pino v. Smith, et al.*, 1:16-cv-1788, Doc. 1. He simultaneously moved for a stay of the proceedings. *Id*. at Doc. 3. On January 11, 2017, the undersigned denied the motion for a stay of the proceedings and dismissed the petition without prejudice based on the following:

> Here, it is clear from the face of the petition, and confirmed by statements made by Pino in his motion to stay, that he has not yet exhausted his state remedies. Further, as noted by Respondents in their response to the motion to stay, a stay is not appropriate under *Rhines v Weber*, 544 U.S. 269 (2005), because Pino has not exhausted any of the claims contained in his petition and, as such, is not in danger of losing timely exhausted claims.
>
> As Petitioner has clearly failed to exhaust his state court remedies, this petition will be dismissed. The dismissal is without prejudice to Pino's right to pursue federal habeas relief upon complete exhaustion of available state court remedies.

*Id.* at Doc. 13, p. 5; Doc. 14.

## III. DISCUSSION

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ...
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

### A. Computation of the Statute of Limitations

Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001). Pino was sentenced on August 5, 2014. (Doc. 9-2, p. 19). The Superior Court affirmed the judgment of sentence on June 17, 2015. Pino's conviction became final at the expiration of the thirty-day period to seek review with the Pennsylvania Supreme Court. *See* PA. R. APP. P. 1113(a) (petition for allowance of appeal shall be filed within thirty days from the entry of the order of the Superior Court sought to be reviewed); *see*

5

*also* 28 U.S.C. § 2244(d)(1)(A); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000) ("[T]he period of limitation tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision[,] whether or not review is actually sought."). The one-year period for the statute of limitations commenced running as of that date, July 17, 2015, and expired one year later. Hence, the federal petition, which was filed on November 22, 2019, is clearly untimely.

Significantly, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." *Day v. McDonough*, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

### B. Tolling Exceptions

#### 1. Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). As noted *supra*, the statute of limitations began running on July 17, 2015, and, absent any tolling, expired on July 17, 2016. On August 25, 2016, thirty-nine days after the statute expired, Pino filed a PCRA petition. Because he filed this petition after the AEDPA statute of limitations expired, it

does not operate to toll an already expired statute of limitations. *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed"). However, even had he filed the PCRA prior to the expiration of the AEDPA statute of limitations, it would not operate to toll the statute. The PCRA court dismissed the PCRA as untimely. An untimely PCRA petition is not "properly filed" and, therefore, does not toll the AEDPA statute of limitations. *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and [petitioner] is not entitled to statutory tolling under § 2254(d)(2)"); *see also Merritt v. Blaine*, 326 F.3d 157, 167-68 (3d Cir. 2003). Pino is unable to avail himself of statutory tolling.[1]

    2.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.

---

[1] The Court notes that even had the matter been stayed, the result would be the same because at the time he filed his 2016 petition, the AEDPA statute of limitations had already expired.

*See Merritt*, 326 F.3d at 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Under the "Timeliness of Petition" heading, he contends that "[28 U.S.C. §] 2244(d)(1) [has been] rendered of no further force or effect under 28 U.S.C. § 2072(B) and Montgomery v. Louisiana, 136 S.Ct. 718 (2016), holding there are no

'Grandfather clauses,' *i.e.* Timeliness or second/successive provisions § 2244(b), that can make a void judgment valid." (Doc. 1, pp. 12, 13). The question in *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) was whether "the Constitution requires state collateral review courts to give retroactive effect" to "a new substantive rule of constitutional law [that] controls the outcome of a case." 577 U.S. at ——, 136 S.Ct. at 729. The Supreme Court held the answer was yes. *Id.* He also cites to a recent Supreme Court case, *United States v. Haymond*, — U.S. —, 139 S. Ct. 2369 (2019), in which the Supreme Court held 18 U.S.C. § 3583(k), a supervised release provision applicable to federal prisoners, unconstitutional. (Doc. 1, p. 12). Neither case forms the basis for equitable relief and Pino presents no evidence to account for the delay in pursuing state court remedies. Nor does he offer an explanation for his failure to pursue federal relief for almost a full year after his PCRA was dismissed as untimely. Further, there is no indication that extraordinary circumstances obstructed his pursuit of post-conviction relief in either forum. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

V.     **CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.